IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JOSEPH L. STRICKLAND,
Inmate No. 49054-018,
      Plaintiff,

vs.                         Case No.: 3:17cv146/LAC/EMT

UNITED STATES OF AMERICA, et al.,
      Defendants.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on Plaintiff's amended civil rights complaint filed pursuant to 28 U.S.C. § 1331 (*see* ECF No. 10; *see also* ECF No. 1). Leave to proceed in forma pauperis has been granted (ECF No. 15).

Because Plaintiff is proceeding in forma pauperis, the court must review the complaint and dismiss it if satisfied that the action "is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Having conducted a thorough review, the court is satisfied that this action is malicious and thus recommends dismissal under section 1915(e)(2)(B)(i).

Section IV of the complaint form requires Plaintiff to disclose information regarding prior civil cases he filed in state and federal court (ECF No. 10 at 3).

Plaintiff answered "No" to each of the questions regarding any previously filed cases with the exception of Question C which asks, "Have you initiated other actions . . . in either State or Federal court that relate to the fact or manner of your incarceration *(including habeas corpus petitions)* or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?" (*id*. at 3, emphasis supplied). Plaintiff answered "Yes" to this question, and where instructed to list all such cases, using a separate piece of paper if necessary, he identified a total of four cases that he previously filed in this district.

In effect, Plaintiff has stated that he has filed no other previous federal cases in either state or federal court that related to the fact or manner of his incarceration or the conditions of his confinement, including habeas corpus petitions.

At the end of the civil rights complaint form, Plaintiff signed his name after the following statement on the form: "**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT**" (ECF No. 10 at 7).

As routinely recognized by this court, the information from Section IV of the form is useful to the court in many ways:

. . . it allows efficient consideration of whether the prisoner is entitled to pursue the current action under the "three strikes" provision of the Prison Litigation Reform Act; it allows consideration of whether the action is related to, or otherwise should be considered in conjunction with or by the same judge who presided over, another action; it allows consideration of whether any ruling in the other action affects the prisoner's current case. All of these things are appropriately considered in connection with the preliminary review of such a complaint under the Prison Litigation Reform Act.

Spires v. Taylor, Order of Dismissal, Case No. 3:00cv249-RH (N.D. Fla. Oct. 27, 2000). Further, because prisoner plaintiffs generally proceed pro se, the information helps the court determine their litigation experience and familiarity with the legal terrain of the current action. The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the dispositions of those cases, can be considerable.

Upon review of the docket, the clerk of court has advised, and this court takes judicial notice, that as of the date Plaintiff filed his complaint, he had previously filed the following cases in this district:

- Strickland v. Augustine, Case No. 5:10-cv-00310-RS-EMT, filed on December 1, 2010, under 28 U.S.C. § 2241 and voluntarily dismissed after service;

- Strickland v. English, Case No. 5:13-cv-00101-RS-EMT, filed on April 5, 2013, under 28 U.S.C. § 2241 and dismissed on the merits;

- Strickland v. English, Case No. 5:13-cv-00248-RS-EMT, filed on July 11, 2013, under 28 U.S.C. § 2241 and dismissed on the merits;

- <u>Strickland v. English</u>, Case No. 5:14-cv-00084-RS-CJK, filed on March 26, 2014, under 28 U.S.C. § 2241 and voluntarily dismissed after service;

- <u>Strickland v. English</u>, Case No. 5:14-cv-00134-WS-CJK, filed on June 2, 2014, under 28 U.S.C. § 2241 and voluntarily dismissed after service;

- <u>Strickland v. English</u>, Case No. 5:14-cv-00325-MW-EMT, filed on November 25, 2014, under 28 U.S.C. § 2241 and voluntarily dismissed after service;

- <u>Strickland v. English</u>, Case No. 5:15-cv-00167-LC-GRJ, filed on July 15, 2015, under 28 U.S.C. § 2241 and voluntarily dismissed after service.

Additionally, Plaintiff has filed the following cases in the United States District

Court for the Middle District of Florida:

- <u>Strickland v. USA</u>, Case No. 8:14-cv-01483-RAL-MAP, filed on June 19, 2014, under 28 U.S.C. § 2255 and dismissed for lack of jurisdiction;

- <u>Strickland v. USA</u>, Case No. 8:12-cv-01576-RAL-MAP, filed on July 16, 2012, under 28 U.S.C. § 2255 and dismissed as successive and time-barred;

- <u>Strickland v. USA</u>, Case No. 8:13-cv-02202-RAL-MAP, filed on August 26, 2013, under 28 U.S.C. § 2255 and dismissed as successive and time-barred;

- <u>Strickland v. USA</u>, Case No. 8:10-cv-01713-RAL-MAP, filed on August 2, 2010, under 28 U.S.C. § 2255 and dismissed for lack of jurisdiction and as time-barred;

- <u>Strickland v. USA,</u> Case No. 8:16-cv-01275-RAL-MAP, filed on May 19, 2016, under 28 U.S.C. § 2255 as successive.[1]

In his answer to Question C of Section IV of the complaint form, Plaintiff identified four previous cases filed in this district (the second, third, sixth, and seventh cases in the list provided above), and did not identify three of the cases identified above (ECF No. 10 at 4, 8).  Additionally, Plaintiff failed to disclose any of the five cases filed in the Middle District of Florida, as identified above (*see id.*).  These unidentified cases are habeas corpus actions that are expressly identified as a type of federal action that was responsive to Question C and therefore should have been identified by Plaintiff.

Moreover, the court notes that the instant action involves Plaintiff's previous criminal history and whether he should be required to attend a program designed for sex offenders.  Plaintiff's previous cases, habeas in nature, also involve issues surrounding his previous convictions; thus, as the court explained above, these previous cases may well be of the type to aid the court in its review of the current case.  In this context, it also should not be overlooked that there appears to be a significant redundancy to Plaintiff's earlier-filed cases, which is always of concern to

---

[1] In each of these previous cases, the inmate number of the petitioner is identified as #49054-018, the same number which Plaintiff identifies as his inmate number in the instant action.

the court as it manages pro se litigations. These concerns serve to underscore the need for complete disclosure in this case.

The court has authority to control and manage matters such as this pending before it, and Plaintiff's pro se status does not excuse him from conforming to acceptable standards in approaching the court. If the court cannot rely on the statements or responses made by the parties, the quality of justice is threatened. The court will not tolerate false responses or statements in any pleading or motion filed before it. Here, Plaintiff falsely responded to questions on the complaint form, as detailed above. Plaintiff knew, or from reading the complaint form should have known, that disclosure of his prior actions was required and that dismissal of this action may result from his untruthful answers.[2] If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants. Therefore, this court should not allow Plaintiff's false responses to go unpunished.

---

[2] Indeed, section IV of the complaint form includes the following notice: "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL." (*see* ECF No. 10 at 3) (emphasis and capitalization in original).

The court recommends that an appropriate sanction for Plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this cause <u>without prejudice</u>.[3]  *See*, *e.g.*, <u>Hanson v. McCaul</u>, No. 4:09cv126-SPM/WCS, 2009 WL 3010481, at **1–2 (N.D. Fla. Sept. 16, 2009) (dismissing case without prejudice for prisoner plaintiff's failure to disclose two federal cases (both of which were previously dismissed for failure to comply with court orders) on complaint form which required prisoner litigants to list all other cases that plaintiff had previously initiated in state and federal court); <u>Thomas v. Ammons</u>, No. CV409-139, 2009 WL 5174109, at **1–3 (S.D. Ga. Dec. 23, 2009) (dismissing case without prejudice for prisoner plaintiff's failure to disclose four federal cases (two of which were previously dismissed for failure to comply with court orders and the other two were previously voluntarily dismissed by plaintiff) on complaint form which demanded litigation information regarding "any lawsuits brought in federal court . . .").  Plaintiff should also be warned that such false responses, filed herein or

---

[3] Dismissal without prejudice is not too severe a sanction under these circumstances. Plaintiff is free to re-file if he so chooses. *See* Order of Dismissal, <u>Spires</u>, No. 3:00cv249-RH (N.D. Fla. Oct. 27, 2000).  In so stating, the court additionally notes that the events complained of in the complaint occurred at Okeechobee Correctional Institution, which is in the Southern District of Florida.  Although DOC officials and Corizon Health, Inc., are named as Defendants, they are named largely in their supervisory capacities, which is typically not an actionable claim because it depends on a theory of respondeat superior, which is not a viable theory under Section 1331.  Thus, venue for Plaintiff's complaint is likely to be more properly held in the Southern District of Florida.

filed in the future, will not be ignored and may result in more severe and long-term

sanctions.  *See* Warren v. Guelker, 29 F.3d 1386, 1389 (9th Cir. 1994) (per curiam)

(pro se, in forma pauperis prisoner's misrepresentation about previous lawsuits may

violate Rule 11).

Accordingly, it respectfully **RECOMMENDED**:

1.     That this cause be **DISMISSED WITHOUT PREJUDICE** pursuant to

28 U.S.C. § 1915(e)(2)(B)(i) as malicious and that Plaintiff be assessed a "strike"

under 28 U.S.C. § 1915(e).

2.     That all pending motions be **DENIED** as moot.

At Pensacola, Florida, this 19th day of June 2017.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**